**LAWRENCE C. HERSH**
Attorney at Law
17 Sylvan Street, Suite 102B
Rutherford, NJ  07070
(201) 507-6300
*Attorney for Plaintiff, and all others similarly situated*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

―――――――――――――――――――――X
:
JOSHUA RABINOWITZ, on behalf of himself  :
and all others similarly situated,  :
:
Plaintiff,  : Civil Action No.
:
vs.  : **CLASS ACTION COMPLAINT AND**
: **JURY TRIAL DEMAND**
CAPITAL MANAGEMENT SERVICES, LP,  :
:
Defendant.  :
:
―――――――――――――――――――― X

Plaintiff JOSHUA RABINOWTIZ (hereinafter "Plaintiff"), on behalf of himself and all others similarly situated, by and through his undersigned attorney, alleges against the above-named CAPITAL MANAGEMENT SERVICES, L.P. (hereinafter "Defendant"), its employees, agents, and successors, the following:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action for statutory damages and declaratory and injunctive relief arising from the Defendant's violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. §1391(b) because jurisdiction is not founded solely on diversity of citizenship and Plaintiff resides in this jurisdiction.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## JURY DEMAND

5. Plaintiff demands a jury trial on all issues.

## PARTIES

6. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

7. Plaintiff is a natural person and resident of Ocean County, in the State of New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

8. Based upon information and belief, Defendant CAPITAL MANAGEMENT SERVICES, LP is a debt collector with offices located at 698 ½ South Ogden Street, Buffalo, NY 14206-2317.

9. Based upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another. Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. §1692(a)(6).

## CLASS ACTION ALLEGATIONS

10. Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all New Jersey consumers and their successors in interest (the "Class"), who have received debt collection letters and/or notices from the Defendant which are in violation of the FDCPA, as described in this Complaint.

11. This Action is properly maintained as a class action. The Class consists of:

- All New Jersey consumers who were sent collection letters and/or notices from Defendant on behalf of BARCLAYS BANK DELAWARE in a form substantially similar to attached Exhibit A and which included the alleged conduct and practices described herein.

- The Class period begins June 5, 2020 to the filing of this Action. The class definition may be subsequently modified or refined.

12. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or

thousands of persons who have received debt collection letters and/or notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether Defendant violated various provisions of the FDCPA.

    b. Whether Plaintiff and the Class have been injured by the Defendant's conduct;

    c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing, and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories;

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class;

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class;

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted.  Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action;

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If the Defendant's conduct is allowed to proceed without remedy it will continue to reap and retain the proceeds of its ill-gotten gains;

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

13. Plaintiff is at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

14. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Service, telephone and/or the Internet.

15. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

16. Sometime prior to June 5, 2020, Plaintiff allegedly incurred a financial obligation to Barclays Bank Delaware ("Barclays") related to a NFL Extra Points Program Visa credit card ("the Debt").

17. The Debt arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

18. Plaintiff used the subject Barclays' credit card to purchase products, including food, health and beauty items, and other household goods.

19. The Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

20. Barclays is a "creditor" as defined by 15 U.S.C. § 1692a(4).

21. Sometime prior to June 5, 2020, Barclays either directly or through intermediate transactions assigned, placed or transferred the Debt to Defendant for collection.

22. At the time the Debt was assigned, placed or transferred to Defendant, the Debt was in default.

23. Defendant caused to be delivered to Plaintiff a letter dated June 5, 2020

concerning the alleged Debt, which sought to collect an amount owed of $8430.14 ("the Collection Letter"). Attached as **Exhibit A** is a copy of the June 5, 2020 collection letter.

24. The June 5, 2020 collection letter was sent or caused to be sent by a person employed by Defendant as a "debt collector" as defined by 15 U.S.C. § 1692a(6).

25. The June 5, 2020 letter was a "communication" as defined by 15 U.S.C. § 1692a(2).

26. Upon receipt, Plaintiff read the June 5, 2020 collection letter.

27. The June 5, 2020 letter states:

Because of interest, late charges and other charges that may vary from day to day, the balance due on the day you pay may be greater. Hence, if you pay the balance in full shown above, an adjustment may be necessary after we receive your check, in which case we will inform you before depositing the check for collection.

28. At the time that Defendant sent the June 5, 2020 collection letter to Plaintiff, the Barclays' credit card had already been charged off.

29. Since the Barclays credit card had already been charged off at the time the Defendant sent the Collection Letter, Plaintiff would no longer incur any interest, late charges and/or other charges that varied from day to day.

30. Thus, the statement in the Collection Letter that, "Because of interest, late charges and other charges that may vary from day to day, the balance due on the day you pay may be greater" was false, deceptive and/or misleading since the account balance would not increase.

31. Additionally, the Collection Letter does not explain the term "other charges" and Plaintiff had no way of determining what the "other charges" may be.

32. Plaintiff had no basis to determine what "other charges" could affect his

balance day to day.

33. The collection letter is misleading and deceptive since it would lead the least sophisticated consumer into believing that there are other charges which possibly increase the daily balance when there are no such other charges.

34. The least sophisticated consumer would be unable to evaluate how much is owed and what charges may actually be included in an overall balance at the time of payment.

35. This statement in the collection letter is also a threat to collect an amount that is not provided for in the credit card agreement or by law.

36. The collection letter also states ("the Settlement Statement"):

> If you choose to settle the account, upon clearance of sufficient funds, our records will be updated to reflect that the above account has been satisfied.  Once your account is settled for less than the full balance, Barclays Bank Delaware (Barclaycard) will send notification to the credit reporting agencies to reflect the settlement.

37. The Settlement Statement indicates upon clearance of "sufficient funds" Defendant's records will updated.

38. However, the Collection Letter fails to indicate what the "sufficient funds" are and whether or not this amount is different from the amount of the settlement offer.

39. Additionally the Settlement Statement states that once the account is settled for less than the "full balance". Barclays will send notification to the credit reporting agencies.

40. However, the Settlement Statement is incorrect, since once any payment is made, the credit reporting agencies need to be updated, not only if there is a settlement.

41. As such, the Settlement Statement renders the collection letter false,

deceptive and/or misleading.

42. Plaintiff suffered injury in fact by being subjected to the unfair and abusive practices of Defendant.

43. Plaintiff suffered actual harm by being the target of Defendant's misleading debt collection communications.

44. Defendant violated Plaintiff's rights not to be the target of misleading debt collection communications.

45. Defendant violated Plaintiff's right to a trustful and fair debt collection process.

46. Under the FDCPA, Plaintiff had the right to receive certain information from Defendant regarding his or her rights under the FDCPA.

47. Defendant's communication was designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

48. Defendant's collection letters provided confusing and incorrect information caused Plaintiff a concrete injury in that Plaintiff was deprived of his or her right to receive accurate and trustworthy information regarding her rights under the FDCPA.

49. Defendant's communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

50. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions

about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived Plaintiff of his or her right to enjoy these benefits.

51. As a result of Defendant's conduct, Plaintiff suffered an actual, concrete injury as a result of Defendant's failure to provide Plaintiff information required under the FDCPA.

52. Plaintiff's receipt of a collection letter which provided incorrect, incomplete and confusing information constitutes a concrete injury.

53. The failure of Defendant to provide correct information impeded Plaintiff's ability to make a well-reasoned decision.

54. Defendant's failure to provide accurate information injured Plaintiff in that it impacted his or her ability to decide on how to proceed with respect to the matter – will he or she hire an attorney, represent himself or herself, payoff the debt, engage in a payment plan, file for bankruptcy, etc.

55. The deceptive communication additionally violated the FDCPA since it frustrated Plaintiff's ability to intelligently choose his or her response.

## POLICIES AND PRACTICES COMPLAINED OF

56. It is Defendant's policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

    (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt;

  (b) By making false representations of the character or legal status of a debt;

  (c) Using unfair or unconscionable means to collect or attempt to collect any debt and/or,

57. On information and belief, Defendant sent written communications in the form annexed hereto as Exhibit A to at least 30 natural persons in the State of New Jersey.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692 VIOLATIONS

58. Plaintiff repeats the allegations contained in paragraphs 1 through 57 as if the same were set forth at length.

59. Defendant violated 15 U.S.C. §1692 et seq. of the FDCPA in connection with its collection attempts against Plaintiff and others similarly situated.

60. By sending a collection letter, the same as or substantially similar to the June 5, 2020 collection letter, Defendant violated:

 A. 15 U.S.C. §1692e, by using a false, deceptive or misleading representation or means in connection with the collection of any debt;

 B. 15 U.S.C. §1692e(2)(A), by falsely representing the character, amount, or legal status of any debt;

 C. 15 U.S.C. §1692e(2)(B), by falsely representing any services rendered or compensation which may lawfully be received by a debt collector for the collection of a debt;

D. 15 U.S.C. § 1692e(8) by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

E. 15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect a debt from Plaintiff;

F. 15 U.S.C. §1692f by using unfair or unconscionable means to collect or attempt to collect any debt; and,

G. 15 U.S.C. §1692f(1), by collecting or attempting to collect any amount not expressly authorized by the agreement creating the debt or permitted by law;

**WHEREFORE**, Plaintiff, on behalf of himself and others similarly situated, demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and attorney Lawrence Hersh, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class maximum statutory damages;

(c) Awarding actual damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest;

(f) Awarding reasonable attorneys' fees, costs and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated:   Rutherford, New Jersey
           June 6, 2021

        Respectfully submitted,

        By: <u>s/ Lawrence C. Hersh</u>
           Lawrence C. Hersh, Esq.
           17 Sylvan Street, Suite 102B
           Rutherford, NJ  07070
           (201) 507-6300
           *Attorney for Plaintiff*

## **CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

I, Lawrence C. Hersh, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: June 6, 2021        By: <u>s/ Lawrence C. Hersh</u>
                                  Lawrence C. Hersh, Esq

EXHIBIT A

698 1/2 SOUTH OGDEN STREET
BUFFALO, NY 14206-2317

**CAPITAL MANAGEMENT SERVICES, LP**
698 1/2 South Ogden Street Buffalo, NY 14206-2317
Office Hours: M-F 8 am - 9 pm ET
Sat 8 am - 1 pm ET
Toll Free: 1-877-335-6949, Fax: 716-512-6046
Toll Free TTY Line: 1-800-457-8568

Reference# ▇▇▇544

Original Creditor: BARCLAYS BANK DELAWARE
Current Creditor: BARCLAYS BANK DELAWARE
Description: NFL Extra Points Program Visa
Account #: ▇▇▇
Amount of Debt: $8430.14
AMOUNT ENCLOSED: _____
Current Address: _____

1429 T6  P2****AUTO**ALL FOR AADC 085

Joshua Rabinowitz

Current Phone #: _____
Minimum Payment Due: $244.16

PLEASE DETACH AND RETURN TOP PORTION WITH PAYMENT

June 05, 2020

************30% SETTLEMENT OFFER************

Dear Joshua Rabinowitz:

On behalf of BARCLAYS BANK DELAWARE, Capital Management Services has been engaged to resolve your above-referenced account. Because of interest, late charges and other charges that may vary from day to day, the balance due on the day you pay may be greater. Hence, if you pay the balance in full shown above, an adjustment may be necessary after we receive your check, in which case we will inform you before depositing the check for collection. Capital Management Services, LP is willing to accept less than the full balance due as a settlement on your above mentioned account. The settlement offer shall be $2529.04 due in our office on or before 06/19/2020. We are not obligated to renew this offer.

If you choose to settle the account, upon clearance of sufficient funds, our records will be updated to reflect that the above account has been satisfied. Once your account is settled for less than the full balance, Barclays Bank Delaware (Barclaycard) will send notification to the credit reporting agencies to reflect the settlement. Please allow at least 60 days for the change to be updated on your credit bureau. This letter is contingent on the clearance of all payments made towards the settlement. If any payments made as part of the settlement fail to clear, this agreement will be null and void.

You may send the settlement payment to Capital Management Services, LP at 698 1/2 South Ogden Street Buffalo, NY 14206-2317. Our representatives are trained to offer assistance regarding this obligation. For account inquiries, you may contact Capital Management Services, LP by calling 1-877-335-6949 Mon. through Fri. 8 am to 9 pm ET, Sat. 8 am to 1 pm ET. You may also make payments online at: www.cms-trans.com.

This communication is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose.